UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYNIE L. BEARD : | |
|     Plaintiff : | |
| : | |
|     v. : | CIVIL NO. 1:14-CV-1162 |
| : | |
| OCWEN LOAN SERVICING, LLC., : | |
| UDREN LAW OFFICES, PC, and : | (Judge Caldwell) |
| CATHY MOORE : | |
|     Defendants : | |

*M E M O R A N D U M*

I. *Introduction*

Plaintiff, Jaynie L. Beard, filed this suit alleging that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"), in connection with a foreclosure on her house. Plaintiff alleges Defendants' conduct caused her significant emotional and physical harm. Defendants are Ocwen Loan Servicing, LLC; Udren Law Offices, PC; and Cathy Moore, a legal assistant at the Udren Law Offices. On cross-motions for summary judgment, we granted Plaintiff's motion for summary judgment on liability, *Beard v. Ocwen Loan Servicing, LLC*, 2015 WL 5707072 (M.D. Pa. Sept. 24, 2015)(denial of reconsideration at 2016 WL 344300), and left the question of damages for trial.

Defendants have filed a joint motion *in limine*, seeking to exclude the testimony of five of Plaintiff's potential witnesses at trial, arguing that Plaintiff violated

Fed. R. Civ. P. 26(a)(1)(A)(i) by failing to list these witnesses as part of her initial disclosure, or in not listing them in a supplemental disclosure required by Rule 26(e). They also argue the testimony should be excluded under Fed. R. Evid. 402 as not being relevant.

II. *Discussion*

In pertinent part, Fed. R. Civ. P. 26(a)(1)(A)(i) requires a party to make an initial disclosure of the names of individuals "likely to have discoverable information . . . that the disclosing party may use to support its claims . . . ." Rule 26(e)(1)(A) requires a party to supplement its initial disclosure:

> in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing . . . .

Fed. R. Civ. P. 26(e)(1)(A).

Pursuant to Fed. R. Civ. P. 37(c)(1), "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Despite the seemingly mandatory language used here, a district court has discretion under the Rule to determine if a party's witnesses should be excluded from trial. *Newman v. GHS Osteopathic, Inc.*, 60 F.3d 153, 156 (3d Cir. 1995); *Brooks v. Price*, 121 F. App'x 961, 965 (3d Cir. 2005)(nonprecedential)(citing *Newman*). *See also* Rule 37(c)(1)(C)("[i]n addition to or

instead of this sanction, the court, on motion and after giving an opportunity to be heard . . . "may impose other appropriate sanctions . . .").

> In exercising our discretion, we consider the following factors:
>
> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

*Nicholas v. Pennsylvania State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000)(citing *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d. Cir. 1997)). The "importance of the excluded testimony" should also be considered. *Konstantopoulos,* 112 F.3d at 719)(quoting *Meyers v. Pennypack Woods Home Ownership Assoc.*, 559 F.2d 894, 904 (3d Cir. 1977)). "[T]he exclusion of critical evidence is an extreme sanction, not normally to be imposed absent a showing of willful deception or flagrant disregard of a court order by the proponent of the evidence." *Quinn v. Consol. Freightways Corp.*, 283 F.3d 572, 577 (3d Cir. 2002)(quoting *Meyers,* 559 F.2d at 904)(internal quotation marks omitted).

Defendants move to exclude from trial the testimony of the following five witness: (1) Pamela Weiss, (2) Fred Weiss, (3) Donna Johnson, (4) Lora Hischhorn, and (5) Jodie McCann. Plaintiff represents that these witnesses' testimony would be relevant to her damages, that they "are prepared to testify to her numerous attempts prior to the

foreclosure action to resolve this matter, and to her debilitated condition after these efforts were not successful." (Doc. 76, Opp'n Br. at p. 8).

It is undisputed that these witnesses were not listed in Plaintiff's initial disclosures under Rule 26(a) made on November 12, 2014. (Doc. 66-1). Nor did Plaintiff make any supplemental disclosure of them under Rule 26(e). The earliest Plaintiff disclosed these witnesses was in her answers to interrogatories in which she stated she intended to call them as witnesses. These answers were sent on May 14, 2015, after the interrogatories were served on her on or about March 24, 2015. As Defendants note, the answers were therefore untimely in two ways, as sent after the expiration of the thirty-day period for responding to interrogatories, *see* Fed. R. Civ. P. 33(b)(2), and about two weeks after the expiration of the deadline for completing discovery, April 30, 2015. (Doc. 24).

Defendants move to exclude these witnesses based on Plaintiff's violation of Rules 26(a) and 26(e), asserting there was no substantial justification for the failure to notify them of these witnesses, either in her initial disclosures or by way of a timely supplemental disclosure. They assert (and Plaintiff does not dispute) that Plaintiff mentioned at her deposition these individuals were potential witnesses from the date the action was filed. They also argue the delay in disclosure was not harmless as disclosure came two weeks after the close of discovery, only days before the scheduled depositions

of the parties,[1] and only about two weeks before the June 1, 2015, deadline for filing dispositive pretrial motions. (Doc. 24). As a result, Defendants argue they are prejudiced by the late disclosure because it deprived them of the opportunity to depose the witnesses and forces them to cross-examine the witnesses without the benefit of a deposition. They rely on *Brooks*, *supra*, where the Third Circuit stated that a defendant was prejudiced by the plaintiff's failure to disclose the information about an expert required by Rule 26(a)(2) because it precluded a meaningful deposition of the expert helpful to cross-examination at trial. 121 F. App'x at 965.

In opposition, Plaintiff first argues that she did not violate Rule 26 because Rule 26(e)(1)(A) is satisfied if the information was otherwise made known to Defendants during the discovery process and here the witnesses were identified in her interrogatory answers and in her deposition. We do not believe that such disclosure coming so close to the discovery deadline satisfies this portion of Rule 26(e).

Plaintiff next argues that the failure to disclose was harmless under Rule 26(a) for two of the witnesses, Pamela and Fred Weiss, spouses who are also Plaintiff's aunt and uncle. Plaintiff contends that Defendants should have known about these witnesses from the beginning of the litigation because they had offered to bring her mortgage current and had tendered a check, which was refused. Thereafter, they continued to offer their assistance. Plaintiff maintains this information should have been

---

[1] The deadline for depositions was May 20, 2015, (Doc. 28), about three weeks after the April 30, 2015, deadline for completing other discovery.

in Defendants' files. We reject this argument. The Weiss's activity would not have led Defendants to know that they were potential witnesses for their proposed testimony.

Next, Plaintiff concedes that the other three witnesses were not disclosed but argues that it was not the result of willfulness or bad faith. In support, she alleges she said at her deposition she had simply forgotten to mention them. In arguing the lack of willfulness or bad faith, Plaintiff relies on our discretion to allow the witnesses to testify even though Rule 26(a) and (e) have not been satisfied. See *Nicholas, supra,* 227 F.3d at 148 (in exercising its discretion to allow testimony court must consider willfulness or bad faith). Plaintiff does not cite to the part of her deposition that supports her assertion, but Defendants have filed no reply brief, so we will accept it, thus satisfying this part of the discretion analysis.

Plaintiff also argues she should be allowed to call these witnesses at trial because Defendants have known about them for at least eight months (since at least May 14, 2015) but that they failed to cure the alleged prejudice to them by seeking an extension of time to depose the witnesses.

At the time Defendants learned of the existence of these witnesses, this would not have appeared to be a viable option. As noted, at that time, the discovery deadline was April 30, 2015, about two weeks *before* Plaintiff answered the interrogatories. And the deposition deadline was May 20, 2015, about six days after Plaintiff answered the interrogatories. Further, all dispositive pretrial motions were to be filed by June 1, 2015, with trial scheduled for July of 2015. (Doc. 24). This schedule

seems too tight for Defendants to have sought court assistance to depose the witnesses, especially since Plaintiff created the situation by late disclosure of her witnesses.

Plaintiff failed to comply with Rule 26(a)(1)(A)(i) and 26(e)(1)(A). By her own admission, she also knew about these witnesses from the beginning of the lawsuit yet did not disclose them even though their potential as witnesses on damages was obvious as their testimony would have been based on their direct observation of Plaintiff. Defendants have also shown prejudice and an inability to cure that prejudice within discovery deadlines, which were extended twice. (Docs. 24 and 28). In these circumstances, we will grant Defendants' motion excluding the witnesses from trial. We add that Plaintiff will be able to testify on the issue of damages.[2]

/s/William W. Caldwell
William W. Caldwell
United States District Judge

March 29, 2016

---

[2] Based on this ruling, we need not address Defendants' argument that the witnesses should be excluded on the basis that their testimony would be irrelevant.