UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAYNIE L. BEARD, : | |
|     Plaintiff : | |
| : | |
|     v. : | CIVIL NO. 1:14-CV-1162 |
| : | |
| OCWEN LOAN SERVICING, LLC, : | |
| UDREN LAW OFFICES, P.C., and : | |
| CATHY MOORE, : | |
|     Defendants : | |

*M E M O R A N D U M*

*I.     Introduction*

We are considering a motion *in limine*. (Doc. 93). This case relates to a complaint filed by Plaintiff alleging that Defendants violated multiple sections of the Fair Debt Collection Practices Act (FDCPA). (Doc. 1). On September 24, 2015, following consideration of cross-motions for summary judgment, we granted Plaintiff summary judgment as to liability. (Doc. 51). The issue of damages is all that remains. On May 11, 2016, in anticipation of a damages jury trial, Defendants filed a joint motion to "preclude (1) any and all evidence concerning attorney's fees or costs [incurred by Plaintiff while defending a] mortgage foreclosure action/appeal and (2) the introduction of any and all documents and testimony concerning the foreclosure action." (Doc. 93). For the reasons discussed below, we will deny Defendants' motion.

*II.        Background*

In 2012, Plaintiff defaulted on her home loan for the second time in two years. Plaintiff's mortgage servicer, Defendant Ocwen Loan Servicing (Ocwen), offered Plaintiff a loan modification agreement, which she declined. (Doc. 50 at 2). Thereafter, in September 2013, Plaintiff contacted Ocwen and requested a reinstatement quote – the amount necessary to bring her mortgage out of default. (Id.). Ocwen provided its foreclosure counsel, Defendant Udren Law Offices, with the reinstatement figures, and Udren's legal assistant, Defendant Cathy Moore, prepared and faxed the quote to Plaintiff's attorney. (Id. at 2-3). The quote indicated that Plaintiff owed $6,418 in past due payments. (Id.). It also included over $1,500 in costs and fees that had not been incurred – namely, filing costs and fees from a state foreclosure action that had not been filed. Plaintiff did not pay the quoted amount. (Id. at 4).

On January 9, 2014, Ocwen, through Udren, filed a foreclosure action against Plaintiff in the Court of Common Pleas of Dauphin County. (Doc. 44-5). In April 2014, that action was dismissed on procedural grounds at the preliminary objection stage. (Id.). After an amended complaint was also dismissed, Ocwen appealed the dismissal. (Id.). The Superior Court of Pennsylvania affirmed. Ocwen Loan Servicing v. Beard, No. 641 MDA 2015, 2016 WL 764638 (Pa. Super. Ct. Feb. 26, 2016).

During the pendency of the state foreclosure action, Plaintiff filed her complaint in this court, alleging that Defendants' inclusion of unincurred fees and costs in the reinstatement quote violated the Fair Debt Collection Practices Act (FDCPA). (Doc. 1). Upon consideration of cross-motions for summary judgment, we agreed with Plaintiff, finding that Defendants violated 15 U.S.C. §§ 1692e(2)(A)-(B), (10) and 1692f(1). (Doc.

2

51).  Accordingly, we granted Plaintiff summary judgment as to liability, but we left the issue of damages to be resolved by a jury.

In an attempt to settle the damages issue, we held a conference on March 17, 2016.  Prior to the conference, we ordered Plaintiff to provide a particularized statement of damages and attorneys' fees.  (Doc. 77).  At the conference, Defendants disputed, among other things, Plaintiff's calculation of attorneys' fees.  They objected to the fact that Plaintiff's calculation of attorneys' fees included over one hundred hours expended in defense of the state foreclosure action and appeal.  In response, Plaintiff's counsel asserted that the fees were recoverable pursuant to the FDCPA's civil liability provision.[1]  Specifically, he claimed that the fees were collectible under § 1692k(a)(3) – the FDCPA's fee-shifting provision – or alternatively, as actual damages under § 1692k(a)(1).  Ultimately, the parties did not agree on the amount of damages and attorneys' fees, and we set trial for May 2016.

Because we expressed doubt during the settlement conference, Plaintiff's counsel, in anticipation of trial, requested that we rule on whether we would allow Plaintiff to submit the foreclosure attorneys' fees on a fee petition pursuant to the FDCPA's fee-shifting provision.  If not, counsel wanted to pursue the fees as actual damages at trial.

---

1. The FDCPA's civil liability provision provides, in pertinent part, as follows:
> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of –
>> (1) any actual damages sustained by such person as a result of such failure;
>> . . .
>> (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court.
>> . . .

15 U.S.C. § 1692k(a).

3

We informed Plaintiff's counsel orally that we would not permit him to submit the foreclosure attorneys' fees pursuant to the FDCPA's fee-shifting provision, see § 1692k(a)(3) (limiting the recovery of attorneys' fees to those incurred "to enforce the foregoing liability"), but would allow him to submit the fees to the jury as evidence of actual damages. Plaintiff's counsel, therefore, included documentation of the foreclosure fees in his list of trial exhibits. Upon seeing the exhibits, Defendants objected and requested time to file a motion to exclude the foreclosure fees as evidence of actual damages. We granted their request. (Doc. 92).

Defendants make five arguments in support of their position: (1) the attorneys' fees are not recoverable as actual damages pursuant to the "American Rule"; (2) if the fees are indeed recoverable as actual damages, they can only be recovered if the filing of the state court action, itself, was the basis of the FDCPA violation – which is not the case here; (3) Plaintiff cannot recover the attorneys' fees because her complaint did not plead any facts related to the foreclosure action or list the fees in the prayer for relief; (4) Plaintiff is precluded from collecting the attorneys' fees because she did not disclose documents or witnesses related to the fees in her initial disclosures or during discovery; and (5) any evidence related to the foreclosure action should be excluded because it is irrelevant and the probative value is substantially outweighed by a danger of confusion, misleading the jury, and unfair prejudice. (Doc. 94; Doc. 99). We address the arguments in seriatim and find none availing.

*III.     Discussion*

*1. The American Rule*

Pursuant to the "American Rule," each party to a lawsuit bears its own attorneys' fees. Alyeska Pipeline Serv. Co. v. Wilderness Society, 421 U.S. 240, 247 (1975). Yet, there are judicially and legislatively created exceptions to the American Rule. Id. at 256 (indicating that exceptions include if (1) a contract or statute permits recovery, (2) the party confers a common benefit by the recovery of a fund, (3) there is willful disobedience of a court order, or (4) the losing party acted in bad faith). Defendants recognize that the FDCPA contains a legislatively created exception for attorneys' fees, § 1692k(a)(3), but they argue the exception only applies to attorney fees expended in prosecuting the FDCPA violation, not attorneys' fees expended in state court actions. (Doc. 94 at 5-7). Therefore, they claim that the American Rule precludes Plaintiff's recovery of the foreclosure attorneys' fees as actual damages. (Id.).

Defendants' argument, however, is undercut by a consensus of district court opinions to the contrary. District courts have generally permitted attorneys' fees and costs incurred in state court proceedings to be recovered as actual damages of a FDCPA violation. Accord Walton v. Pereira, 995 F. Supp. 2d 437, 441 (W.D. Pa. 2014); Shepherd v. Law Offices of Cohen & Slamowitz, 668 F. Supp. 2d 579, 580 (S.D.N.Y. 2009); Evenson v. Palisades Collection, LLC, No. 2:13-cv-1226, 2014 WL 5089429 at *1-5 (S.D. Ohio Oct. 9, 2014); Sanko v. Riverwalk Holdings, LTD, No. 12cv1203, 2013 WL 3821553 at *3-4 (S.D. Cal. May 30, 2013); Hinderliter v. Legal Recovery Law Offices, Inc., No. 12cv2709, 2013 WL 3833982 at *1-2 (S.D. Cal. April 24, 2013); Armbruster v. Hecker, No. 3:06-cv-1149, 2010 WL 1643599 at *2 (M.D. Pa. April 22, 2010) (permitting out-of-pocket

expenses); Lowe v. Elite Recovery Solutions L.P., No. CIV S-07-0627, 2008 WL 324777 at *3 (E.D. Cal. Feb. 5, 2008); Owens v. Howe, No. 1:04-cv-152, 2004 WL 6070565 at *16 (N.D. Ind. Nov. 8, 2004).

We reconcile this consensus with the American Rule by returning to the purpose of the FDCPA. The FDCPA is a remedial statute. Douglass v. Convergent Outsourcing, 765 F.3d 299, 302 (3d Cir. 2014). To remedy deceptive debt collection practices, the FDCPA (1) creates a private right of action against debt collectors for violations of its provisions, (2) permits the recovery of actual damages, (3) permits the recovery of statutory damages, and (4) authorizes the recovery of attorneys' fees incurred while prosecuting a FDCPA violation. § 1692k. These civil liability and fee-shifting provisions, together, show an unmistakable congressional intent to make victims of abusive debt practices whole. Thus, we find it clear that Congress has created a legislative exception to the American Rule to permit the recovery of all attorneys' fees caused by FDCPA violations. Caprio v. Healthcare Revenue Recovery Grp., 709 F.3d 142, 148 (3d Cir. 2013) ("As remedial legislation, the FDCPA must be broadly construed in order to give full effect to these purposes."). Therefore, while we agree with Defendants that the language of § 1692k(a)(3) speaks only to attorneys' fees incurred while prosecuting FDCPA violations – thereby preventing Plaintiff from recovering the foreclosure fees pursuant to a fee petition – we agree with our sister courts that attorneys' fees incurred in state court are recoverable as actual damages pursuant to § 1692k(a)(1).

*2. State Filing as Basis of FDCPA Violation*

Next, recognizing that district courts do permit the recovery of attorneys' fees as actual damages, Defendants argue alternatively that courts only permit the

6

recovery of the fees if the filing of the state action was itself the violation of the FDCPA. (Doc. 99 at 4-8). Because the foreclosure action filed in the Court of Common Pleas of Dauphin County was not the basis of the FDCPA violations in this case, Defendants assert that Plaintiff cannot recover the attorneys' fees incurred in defending it. (Id.).

Defendants read too narrowly the district court opinions permitting attorneys' fees as actual damages. While it is true that the filing of a state court action was the basis of a FDCPA violation in most of the cases in which district courts permitted recovery of attorneys' fees, see, e.g., Walton, 995 F. Supp. 439-41, we find no language in the cases to suggest that a violative filing is a condition precedent to the recovery of the fees. Rather, we read the opinions as permitting the recovery of attorneys' fees because it was established that the fees were actual damages.

To recover actual damages for a violation of the FDCPA, a plaintiff need only show: (1) the violation misled the plaintiff to her detriment, and (2) her detrimental reliance caused her harm. Muha v. Encore Receivable Management, Inc., 558 F. 3d 623, 629 (7th Cir. 2009); Gillespie v. Blitt & Gaines, P.C., 123 F. Supp. 3d 1029, 1032 (N.D. Ill. 2015) (identifying "actual damages as damages caused in some way by the FDCPA violation"). It follows that since attorneys' fees incurred in state court proceedings are a category of actual damages, see supra Part III.1, a plaintiff, as with all other actual damages, need only satisfy this standard in order to recover the fees. Thus, in the absence of language to the contrary, we read the cases Defendants cite as simply applying the actual damages standard. That is, the courts permitted the recovery of attorneys' fees because the filing of the state court action caused the incurrence of the fees, not because the filing was the basis of the violation. See Walton, 995 F. Supp. 439-41 (alleging fees were "direct and

7

proximate result of defendant's conduct"). Accordingly, we find that the filing of the state foreclosure action need not be the basis of the FDCPA violation in order to recover attorneys' fees as actual damages; Plaintiff need only show that the violation caused her to incur the fees. [2]

### 3. Plaintiff's Complaint

Next, Defendants argue that Plaintiff cannot recover the attorneys' fees because her complaint – in violation of Rule 8 of the Federal Rules of Civil Procedure – did not include facts related to the foreclosure action and did not identify the fees as damages. (Doc. 94 at 2-5). As we understand it, Defendants' argument poses two questions: (1) whether Rule 8 required Plaintiff to include facts related to the foreclosure action in her statement of the claim; and (2) whether Rule 8 required Plaintiff to specifically identify the foreclosure fees as actual damages in her demand for relief. We address each in turn.

Rule 8(a)(2) states that a complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This does not require detailed allegations; rather, the complaint need only plead sufficient facts "in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal quotation marks omitted); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512-13 (2002) (stating that the simplified notice pleading standard of Rule 8 relies on liberal discovery

---

2. Plaintiff argues that the reinstatement quote caused her to incur the foreclosure attorneys' fees because had the quote not been inflated with unincurred fees and costs, she would have been able to pay the reinstatement amount. (Doc. 96 at 12). We think a reasonable jury could agree.

8

rules to define disputed facts and issues). Plaintiff's complaint satisfied this standard without including facts related to the foreclosure in her statement of the claim.

In setting out her claims, Plaintiff's complaint detailed the events leading up to her request for the reinstatement quote, provided relevant dates, gave a detailed statement of the contents of the reinstatement letter, identified which sections of the FDCPA were implicated, and specifically averred how the quote violated the FDCPA. (Doc. 1). These facts and statements undoubtedly gave Defendants fair notice that Plaintiff was claiming that the reinstatement quote violated the FDCPA. See Swierkiewicz, 534 U.S. at 514 (holding that complaint satisfied Rule 8(a)(2) by pleading similar facts). Because the foreclosure filing was not a ground upon which Plaintiff's FDCPA claims rested – as Defendants themselves contend in their previous argument – no facts related to the foreclosure were necessary in order to give Defendants the required notice under Rule 8(a)(2).[3] Accordingly, we find that Rule 8 did not require Plaintiff to include facts related to the foreclosure action in her statement of the claim.

The same is true with respect to Plaintiff's prayer for relief. Though Plaintiff is seeking foreclosure attorneys' fees as actual damages, Rule 8(a)(3) merely states that a complaint must contain "a demand for relief sought." FED. R. CIV. P. 8(a)(3). This does not mandate any degree of specificity; it only requires the pleader to include the type(s) of

---

3. Defendants point to Walton v. Pereira, 995 F. Supp. 2d 437 (W.D. Pa. 2014) in support of their argument. (Doc. 94 at 4). In Walton, the court denied a motion to dismiss, in part, because the complaint included specific averments that the plaintiff incurred attorneys' fees while defending a state collection action. From this, Defendants argue that facts related to the state court action must be included in the complaint. We disagree. First, nowhere in Walton does the court state that such facts are required under Rule 8. It simply held that because the complaint did include those facts, the complaint sufficiently pleaded actual damages. Second, the facts of Walton are distinguishable. Unlike here, the plaintiff in Walton alleged that the filing of the state court action itself was the violation of the FDCPA, making the facts related to the state action necessary in order to give the defendant notice of the grounds upon which the claims rested.

9

relief claimed. 5 CHARLES ALAN WRIGHT ET AL., Federal Practice and Procedure § 1255 (3d ed. 2016) (indicating that demands for relief are not subject to the sufficiency standard of a Rule 8(a)(2) statement of the claim). Indeed, in accordance with Rule 8(a)(3), our local rules provide as follows: "[t]he demand for judgment required in any pleading in any civil action pursuant to Fed. R. Civ. P. 8(a)(3) <u>may set forth generally that the party claiming damages is entitled to monetary relief</u> . . . ." M.D. Pa. L.R. 8.1 (emphasis added). Accordingly, we find that Rule 8 did not require Plaintiff to specifically identify the foreclosure fees as an item of actual damages in her prayer for relief.[4]

### *4. Initial Disclosures and Discovery*

Next, Defendants assert that the attorneys' fees should be excluded because Plaintiff did not make the initial disclosures and discovery responses required by Federal Rule of Civil Procedure 26. (Doc. 94 at 7-11). In her initial disclosures and discovery responses, Plaintiff indicated that the attorneys' fees incurred in the foreclosure action would be pursued in a fee petition to the court pursuant to § 1692k(a)(3). (Doc. 93-4 at 9-10). As a result, Defendants claim that Plaintiff did not disclose documents or witnesses related to the foreclosure action and attorneys' fees that she intends introduce at trial. They assert that such a failure violates Rule 26, and therefore, any evidence related to the foreclosure and attorneys' fees should be excluded pursuant to Federal Rule of Civil Procedure 37(c). (Doc. 94 at 7-11).

---

4. It is important to note that Defendants do not argue that the attorneys' fees were special damages requiring heightened pleading under Federal Rule of Civil Procedure 9(g). Cf. Maidmore Realty Co. v. Maidmore Realty Co., 474 F.2d 840, 843 (3d Cir. 1973). Rather, their argument was limited to whether Rule 8 required such specificity. (Doc. 94 at 4) ("Had Plaintiff suffered damages related to the filing of the Foreclosure Action/Appeal, they should have been specifically pleaded, even under the liberal pleading standard."); see also (Doc. 94 at 7). Because it has not been raised, any argument asserting that heightened pleading was required has been waived. Laborers' Int'l Union of N. Am. v. Foster Wheeler Energy Corp., 26 F.3d 375, 398 (3d Cir. 1994).

10

Rule 37(c) provides that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c). While a district court has discretion in determining whether an omission was substantially justified or harmless, see Doe v. Luzerne Cnty., No. 3:08-CV-1155, 2010 WL 2245578 at *2 (M.D. Pa. June 1, 2010), four factors guide the analysis:

> (1) the prejudice or surprise of the party against whom the excluded evidence would have been admitted; (2) the ability of the party to cure that prejudice; (3) the extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and (4) bad faith or willfulness in failing to comply with a court order or discovery obligation.

Nicholas v. Pa. State Univ., 227 F.3d 133, 148 (3d Cir. 2000).

Defendants' entire argument is premised on the first factor. They assert that because of Plaintiff's statements that the foreclosure attorneys' fees would be pursued in a fee petition filed with the court, it will cause them unfair surprise and severe prejudice if Plaintiff is permitted to introduce evidence of the foreclosure and fees at trial. Specifically, they claim they would be prejudiced because: (1) had they known that Plaintiff was going to pursue the fees as actual damages, their entire litigation strategy and settlement posture would have been different; (2) they do not know which witness will testify as to the foreclosure action and fees; (3) they were not given an accounting of the fees until we ordered Plaintiff to provide it in preparation for the settlement conference; and (4) they do

11

not have documentary evidence related to the fees, including the fee agreement.[5] (Doc. 94 at 7-11).

We find Defendants' surprise to be minor. Plaintiff's initial disclosures and discovery responses were not exactly devoid of information related to the foreclosure action or attorneys' fees. To the contrary, starting with her supplemental initial disclosures in December 2014, Plaintiff disclosed her intention to seek recoupment of the fees, stating: "Plaintiff is entitled to reimbursement for attorney's fees incurred in defending the mortgage foreclosure action which has been dismissed – the number of hours as of this date being 41.0." (Doc. 93-3). Plaintiff's subsequent responses to Defendants' request for the production of documents provided even more detail. In response to Defendants request that Plaintiff produce all documents that support her claim for <u>actual damages</u>, Plaintiff stated:

> There exists a claim for counsel fees for defending a mortgage foreclosure action instituted by Ocwen Loan Servicing, LLC and prosecuted by attorneys at Udren Law Offices, PC, titled *Ocwen Loan Servicing, LLC v. Jaynie L. Beard*, CCP of Dauphin County, at No. 2014-CV-274-MF, which mortgage foreclosure action has been dismissed by the trial court and judgment has been entered in favor of Jaynie L. Beard. The total number of hours expended by counsel in defense of the mortgage foreclosure action as of March 31, 2015 is 48.3 hours at a rate of $450.00 per hour. Such fees continue to accrue as Ocwen Loan Servicing, LLC has filed a notice of appeal to the Superior Court of PA. to which the Plaintiff and her counsel will have to respond. All such hours will be detailed in a fee petition to be filed with the court.

(Doc. 93-4 at 9-10) (emphasis omitted). Plaintiff's response to Defendants' interrogatories asking Plaintiff to identify her damages was nearly identical. (Doc. 93-6 at 13.). Last, in response to Defendants request for all documents she may use as exhibits at trial, Plaintiff

---

5. Defendants also argue that they are prejudiced because such evidence is not relevant. We address this argument below as part of Defendants' final argument.

12

stated, "Plaintiff will introduce a copy of the official record, including pleadings, of the mortgage foreclosure action instituted by Ocwen Loan Servicing, LLC and prosecuted by attorneys at Udren Law Offices, PC, titled *Ocwen Loan Servicing, LLC v. Jaynie L. Beard*, CCP of Dauphin County, at No. 2014-CV-274-MF . . . ." (Doc. 93-5 at 11).

From these disclosures, Defendants could not be surprised that Plaintiff would seek the recovery of the foreclosure fees. Nor could Defendants be surprised that Plaintiff intended to introduce exhibits at trial related to the foreclosure action. The only thing that could legitimately surprise Defendants is that Plaintiff will attempt to recover the fees at trial as opposed to filing a fee petition (*i.e.*, the method of recovery). We find that the surprise as to the method of recovery, limited in its own right, has been significantly mitigated by two factors. First, it has been tempered by the fact that Plaintiff included the foreclosure fees in her responses to Defendants' requests for information and documents related to her <u>actual damages</u> – which must be proved at trial. And second, it has been assuaged by the passage of time. <u>Denbury Onshore, LLC v. Christensen</u>, 101 F. Supp. 3d 1147, 1167 (D. Wyo. 2015) (finding prejudice cured by passage of two months).

We also find that Defendants greatly overstate the degree to which they would be prejudiced. First, we fail to see how Defendants' litigation strategy would have been different had they known Plaintiff was going to seek recovery of the foreclosure fees as actual damages. After this case was initiated in June 2014, it was assigned to court-mandated mediation until February 2015, when the mediation proved unsuccessful. Less than four months later, Defendants filed motions for summary judgment, making numerous arguments that they did not violate the FDCPA. When we ruled against them in September 2015, they filed a subsequent motion for reconsideration, arguing our ruling

was clear error. It is clear from this procedural history that Defendants adamantly opposed all of Plaintiff's claims. We are baffled by how knowledge of Plaintiff's intention to recover the fees as damages would have changed that position. As evidence by the motion *sub judice*, such knowledge, if anything, would bolster that position.[6] Similarly, we are not persuaded that Defendants' would have had a substantively different settlement posture. At our March 2016 settlement conference, the parties were over $100,000 apart on a damages figure – an amount far greater than what Plaintiff is seeking in foreclosure fees. Thus, we doubt that it would have made a substantive difference in settlement discussion had Defendants known that Plaintiff would attempt to collect the fees as actual damages.

      Moving to Defendants' remaining claims of prejudice, we find that Defendants' have (1) received notice of which witness will testify as to the attorneys' fees and (2) received a majority of all applicable documentation. Starting with the disclosure of witnesses, in Defendants' first set of interrogatories, they asked Plaintiff to identify the witnesses she intends to call and the substance of their testimony. In her response, Plaintiff identified herself as a witness and indicated that she would testify "as to all matters involved in the litigation." As the paying client, Plaintiff can authenticate documents detailing the attorneys' fees she incurred. See FED. R. EVID. 901(b)(1). Therefore, Plaintiff is presumably the witness that will testify as to her attorneys' fees, see (Doc. 96 at 18), and Defendants have received proper notice of her testimony.

---

6. Defendants claim they would have filed a motion pursuant Federal Rule of Civil Procedure 12(b)(6) to dismiss Plaintiff's claims for foreclosure fees. Defendants, however, could only be prejudiced by their inability to file such a motion if the motion was meritorious. As our analysis demonstrates, that is not the case.

With respect to disclosure of documentation, Defendants have received an itemized statement of the attorneys' fees incurred in defending the foreclosure. Although Defendants argue they did not received the accounting of the fees until we ordered Plaintiff to provide it in March 2016, the foreclosure action was ongoing until the Superior Court of Pennsylvania issued is opinion in February 2016, and Defendants have since had five months to examine the fees. Rather, we find that there is only one document that Defendants claim they are entitled to, but Plaintiff has not produced – the fee agreement. To remedy this, we will order Plaintiff to provide Defendants with a copy of the foreclosure attorney fee agreement within ten days. <u>Montgomery Cnty. v. MicroVote Corp.</u>, 175 F.3d 296, 304 (3d Cir. 1999) (holding that fee agreements are non-privileged, discoverable documents).

Because we find that Defendants would be subject to little surprise and prejudice,[7] we decline to exclude evidence of the foreclosure fees pursuant to Federal Rule of Civil Procedure 37(c)(1).[8]

*5. Relevance and Unfair Prejudice*

Finally, Defendants argue that evidence related to the foreclosure fees should be excluded pursuant to Federal Rules of Evidence 402 and 403. (Doc. 94 at 11-13; Doc. 99 at 8-10). With respect to Rule 402, Defendants argue that any evidence related to the foreclosure fees should be excluded as irrelevant because Plaintiff can only

---

7. As for the remaining three elements of our Rule 37 analysis, Defendants do not argue that any resulting prejudice cannot be cured, that allowing the evidence would disrupt the efficient trial of the case, or that Plaintiff acted in bad faith. <u>See, e.g.</u>, (Doc. 94 at 5) ("It should be of no consequence that Plaintiff <u>mistakenly believed</u> that the foreclosure fees and costs could be the subject of a fee petition when the FDCPA provides otherwise.") Accordingly, these factors, likewise, do not weigh in favor of excluding the evidence related to the foreclosure fees.

8. Indeed, based on our analysis above, we have grave doubt about whether Plaintiff violated Rule 26 at all.

15

recover damages for emotional distress. As for Rule 403, Defendants argue that to the extent that evidence of the foreclosure fees is relevant, it should be excluded because its probative value is substantially outweighed by a danger of confusion of the issues, misleading the jury, and unfair prejudice.

First, our analysis above removes all merit to their relevancy argument. Because we find that Defendant is permitted to seek the foreclosure fees as actual damages, certainly evidence related to the foreclosure action and fees is relevant. See FED. R. EVID. 401 (stating evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence). With respect to their Rule 403 argument, Defendants claim that if Plaintiff is permitted to introduce evidence of the foreclosure action, it will mislead and confuse the jury into believing that the foreclosure action was the basis of their FDCPA violation, when in actuality the filing of the foreclosure action did not violate the FDCPA and was only dismissed on procedural grounds. They argue that this confusion and misdirection cannot be remedied with curative instruction, and they will be unfairly prejudiced as a result. We disagree. We find that with curative instructions, which in our experience jurors are quite capable of understanding and applying, the danger of confusion, misdirection, and unfair prejudice will not substantially outweigh the probative value of Plaintiff's foreclosure evidence. Accordingly, we decline to exclude evidence of the foreclosure action and fees under Federal Rules of Evidence 402 and 403.

*IV.     Conclusion*

Based on the discussion above, we will deny Defendants' motion. To cure any prejudice to Defendants from Plaintiff's failure to disclose documentation, we will order

Plaintiff to produce a copy of her foreclosure attorney fee agreement within ten days.  We will issue an appropriate order.

                                            /s/ William W. Caldwell
                                            William W. Caldwell
                                            United States District Judge